907 F.2d 159
 36 Cont.Cas.Fed. (CCH) 75,927
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MONACO ENTERPRISES, Appellant,
v.
The UNITED STATES, Appellee.
 No. 89-1465.
 United States Court of Appeals, Federal Circuit.
 June 20, 1990.
Rehearing Denied Sept. 5, 1990.
 
 Before NIES, Circuit Judge, BALDWIN, Senior Circuit Judge, and PAULINE NEWMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 This appeal is from the decision of the Armed Services Board of Contract Appeals, ASBCA Nos. 27931 and 28434, upholding the termination of Monaco Enterprises, Inc., for default under contract No. DACA21-79-C-0124. We modify the decision and remand for determination of termination for convenience damages.
 
 OPINION
 
 2
 We are unpersuaded by Monaco's arguments that the findings by the board are unsupported that the government had sufficient grounds, apart from Monaco's "constructive abandonment," for terminating the subject contract. However, even where technically the government has such a right, that right must not be exercised in a manner which is arbitrary or capricious or represents an abuse of discretion. Darwin Constr. Co. v. United States, 811 F.2d 593, 598 (Fed.Cir.1987).
 
 
 3
 Here, the board erred by concluding that evidence of Monaco's "failure to prosecute the work diligently, so as to assure its timely completion" and evidence of "failure to make progress" suffices to support an inference of "constructive abandonment". Particularly where a contractor is terminated in advance of the contract performance date, the contracting officer must not only have solid evidence that timely performance is beyond the contractor's reach but also that the contractor could not complete the work. See, e.g., Manhattan Lighting Equip. Co., BCA (CCH) 60-1 p 2646 at 13,120 (1960). If the contractor intends and is able to continue performance, albeit untimely, the penalty of delay damages is available and should be considered as an alternative to the penalty of termination for default.
 
 
 4
 This leaves as the only grounds supporting the government's termination for default Monaco's failure to complete the project within the allotted time limits. We conclude from the evidence that it was an abuse of discretion here to terminate Monaco for default inasmuch as there is no showing that the contractor was unable or unwilling to perform, that the work was urgently needed, or even that a substitute contractor was likely to complete the system more expeditiously. See DAR 18-618.4(a)(iii) (codified at 32 C.F.R. 18-618.4 (1982)). Indeed, the board's finding that the "time required for another contractor to complete the work would compare favorably with the time required for completion by Monaco" virtually negates that another would be more expeditious. See Darwin, 811 F.2d at 598-99. Moreover, other contractors on similar EMCS projects were not terminated for default despite having been given 300 plus more days than the period given to Monaco.
 
 Costs
 
 5
 Costs are awarded to appellant.
 
 
 6
 PAULINE NEWMAN, Circuit Judge, concuring in the result, based on the impossibility of performance of the original specifications, and the agency's tardy and inadequate response thereto.